

ANDREW MANUEL CRESPO  acrespo@law.harvard.edu
*Faculty Director*  617.495.3168

May 20, 2021

The Honorable Emmet G. Sullivan
United States District Court for
the District of Columbia
333 Constitution Avenue, NW
Washington D.C. 20001

        **Re:**    *United States v. John Victor Reed, 1:19-cr-00093(EGS)*

Dear Judge Sullivan:

      In its opposition to Mr. Reed's pending motion to dismiss, the Government cited 28 U.S.C. § 533 for the proposition that FBI agents lack the statutory authority to investigate D.C. Code offenses. As we noted in our opening brief (ECF 37, p. 43) and elaborated in our reply brief (ECF 53, pp. 16-21), this assertion is both legally incorrect and also flatly contradicted by a binding OLC opinion authored by Acting Assistant Attorney General John M. Harmon on March 22, 1977. *See* Washington, D.C., Hostage Situation: Basis for Federal Jurisdiction, 1 Op. O.L.C. 31 (1977) [*hereinafter* 1977 OLC Opinion]. At the close of yesterday's hearing, the Government suggested that this OLC opinion has been superseded by a subsequent opinion, issued less than one year later and also authored by Assistant Attorney General Harmon. *See* Federal Bureau of Investigation–Statutory Jurisdiction–Authority of Agents Concerning Non-Federal Offenses, 2. Op. O.L.C. 61 (1978) [*hereinafter* 1978 OLC opinion]. The 1978 opinion cited by the Government, however, neither rescinds nor contradicts the preceding 1977 opinion, which has never been withdrawn and thus remains binding on the Department to this day. On the contrary, the two opinions are perfectly consistent with one another. The Government's failure to recognize as much simply confirms that even at this late stage in these proceedings it continues to misread the governing statute underlying the FIP Initiative and, separately, the governing OLC analysis.

      As we explain in our reply brief, the central "holding" of the governing 1977 OLC opinion is that federal agents have unique statutory authority—under paragraph *four* of 28 U.S.C. § 533—to investigate purely local crimes within the District of Columbia, given "the U.S. Attorney's role as chief prosecutor of crimes arising under the District of Columbia Code." 1977 OLC Opinion, 1 Op. O.L.C. at 31. This authority is separate and distinct from the FBI's more general and more familiar authority, under paragraph *one* of 28 U.S.C. § 533, "to detect and prosecute crimes against the United States." 28 U.S.C. § 533(1). The relevant passage of the 1977 OLC opinion makes this point clear:

> The United States Attorney for the District of Columbia is under the immediate supervision of the Attorney General, in a chain of command sense, because of the Federal Government's responsibility for the District and the U.S. Attorney's role as chief prosecutor of crimes arising under the District of Columbia Code. For this

> reason, and **apart from any consideration of Federal jurisdiction based on violations of Federal law,** the Attorney General has a basis on which to participate with the U.S. Attorney in formulating a response to situations such as [the local criminal offense committed within the District at issue in this opinion]. Section 533 of Title 28 provides that **the Attorney General may appoint officials to conduct investigations regarding official matters under the control of the Department of Justice.** In our opinion, this statute provides the Attorney General, at least, with **authority to provide investigative support to local officials in connection with actions of a local nature within the District.** This conclusion arises from the relationship between the U.S. Attorney and the Department of Justice....

1977 Op. O.L.C. at 31 (emphases added). Furthermore, as we noted during yesterday's hearing, the Attorney General has exercised the authority described above to permit FBI agents to participate in local D.C. Code investigations. This authorization is codified in 28 C.F.R. § 0.85(a), which directs "[t]he Director of the Federal Bureau of Investigation" to "collect evidence in cases in which the United States is or may be a party in interest." *Id.* As the Court is aware, the United States is the named party in interest in virtually all criminal prosecutions arising under the local D.C. Code. *See* D.C. Code § 23-101(c) (providing that local "criminal prosecutions shall be conducted in the name of the United States by the United States attorney for the District of Columbia or his assistants"). Reading the formal regulation cited above in conjunction with the plain text of 28 U.S.C. § 533(4) and the 1977 OLC opinion interpreting that statute, the conclusion is clear: The FBI has statutory authority to assist in investigations of purely local offenses arising under the D.C. Code.

Nothing in the 1978 OLC opinion cited yesterday by the Government contradicts or undermines this conclusion. For one thing, the 1978 opinion, which was also authored by Assistant Attorney General Harmon, nowhere purports to withdraw or to call into question the opinion that Harmon himself published just eleven months earlier regarding the FBI's unique authority in the District of Columbia. As a general matter, the Office of Legal Counsel does not silently overrule its prior opinions—let alone opinions issued months earlier by the same author.[1] More to the point, the 1978 opinion is not even remotely in tension with the 1977 opinion. Rather, the 1978 opinion speaks to the "authority of FBI agents to respond to criminal offenses **outside the statutory jurisdiction of the FBI**," and specifically, to their authority to make arrests "with respect to violations of **State law**" in jurisdictions across the country. 1978 OLC Opinion, 2 Op. O.L.C. at 47. As the opinion expressly states, its analysis of this issue was confined to paragraph *one* of 28 U.S.C. § 533, which as noted above affords the FBI jurisdiction to investigate "acts concerning violations of the laws of the United States." *Id.* (citing 28 U.S.C. § 533(1)). Construing that paragraph—and only that paragraph—of the relevant statute, the 1978 OLC opinion thus properly concludes that *in the general context of FBI agents operating across the country* "action taken with respect to the violation of State or local law [is] beyond the FBI's explicit statutory authority." *Id.*[2]

---

[1] *See, e.g.,* David J. Barron, Acting Assistant Attorney General, Memorandum for Attorneys of the Office re: Best Practices for OLC Legal Advice and Written Opinions, Jul. 16, 2010 at 2 ("OLC opinions should consider and ordinarily give great weight to any relevant past opinions of Attorneys General and the Office. The Office should not lightly depart from such past decisions, particularly where they directly address and decide a point in question, but as with any system of precedent, past decisions may be subject to reconsideration and withdrawal in appropriate cases and through appropriate processes.")

[2] Notably, even the 1978 OLC opinion concludes that "FBI agents would in certain instances have authority under State law to arrest those who have violated State or local law" and that such purely local action "will generally come within the scope of [their federal] employment." 1978 OLC opinion, 2 Op. O.L.C. at 49-51.

But of course the fact that the FBI lacks authority to investigate local offenses in New York under one statutory provision (28 U.S.C. § 533(1)) says nothing at all about its separate and unique authority to investigate local offenses in Washington, D.C., under a different statutory provision (28 U.S.C. § 533(4)). Indeed, that is precisely the point made by the 1977 OLC opinion: D.C. is different. The 1978 OLC opinion, which addresses FBI agents' authority to enforce *state* law, simply does not speak to the DC-specific issue in this case—an issue squarely resolved by the 1977 OLC opinion.

The Government's failure to recognize this key difference between the 1977 and 1978 OLC opinions—like its failure to appreciate the key difference between paragraphs one and four of 28 U.S.C. § 533—simply confirms one of the central legal defects that renders the FIP Initiative invalid under the APA. As Government counsel confirmed during yesterday's hearing, the FIP Initiative was driven "most critically" by the Government's desire to assign FBI agents to local felon-in-possession investigations. And as the Government's own filings make clear, it believed that in order "to secure [such] FBI assistance investigating felon-in-possession cases, the USAO **needed** to prosecute such matters in district court." Decl. of John Crabb, Jr., ECF 48-3 at 4 (emphasis added); *see also id.* at 3 ("The Federal Bureau of Investigation … cannot investigate D.C. Code violations…. [because] federal statutes prohibit the FBI from investigating state crimes…."); U.S. Consolidated Opp'n to Def. Mot. to Dismiss, ECF 48, at 6 n.8 (same). For the reasons explained above and confirmed by the 1977 OLC opinion, that legal conclusion is erroneous. Yet at no point prior to yesterday's hearing did the Government so much as consider OLC's contrary analysis in its binding and squarely on point 1977 opinion.[3] As Judge Bates held in *NAACP v. Trump,* that failure alone renders the FIP Initiative arbitrary and capricious, and is a sufficient basis upon which to resolve this case. *See NAACP v. Trump,* 298 F. Supp. 3d 209, 240 n.23 (D.D.C. 2018). The Government's belated attempt at post hoc rationalization, offered yesterday in court, simply drives the point home.[4] It *still* does not understand that, to paraphrase the Court's observation yesterday, when it comes to the District of Columbia everything is different—including the FBI's authority to investigate local offenses under the D.C. Code.

                                                Respectfully submitted,

/s/
Daniel Meyer
(admitted per Local Rule LCvR 83.4)
Andrew Manuel Crespo
(supervising per Local Rule LCvR 83.4)
The Impact Defense Initiative
  of Harvard Law School
1525 Massachusetts Avenue
Cambridge, MA 02138
(617) 495-3168

---

[3] *Cf.* Randolph D. Moss, *Executive Branch Legal Interpretation: A Perspective from the Office of Legal Counsel,* 52 Admin. L. Rev. 1303, 1305 (2000) ("[T]he views of the Office of Legal Counsel are … typically treated as conclusive and binding within the executive branch.")

[4] *But see, e.g.,* Dep't of Homeland Sec. v. Regents of the Univ. of California, 140 S. Ct. 1891, 1909 (2020) ("*[P]ost hoc* rationalizations … are not properly before us…. The basic rule here is clear: An agency must defend its actions based on the reasons it gave when it acted.").